SUSAN R. WINER, an Infant, by JULIA B. RANDALL, Her Guardian ad Litem, et al., Plaintiffs, v. GEORGE GINSBURG et al., as Executors of JACK M. WINER, Deceased, Defendants.

Supreme Court, Special Term, New York County, June 12, 1962.

*Stanford A. Schwartz* for plaintiffs. *George Ginsburg* for defendants.

Owen McGivern, J. Plaintiffs move for summary judgment.

The first cause is asserted on behalf of the infant plaintiff and it is based upon those provisions of the separation agreement which required the maintenance by the deceased of insurance in favor of the infant plaintiff.

The original agreement was made and dated February 14, 1947. Under paragraph 7 thereof, the deceased had undertaken to maintain in force and effect insurance totaling $41,406, with the plaintiff wife as the irrevocable beneficiary. It was further provided that in the event of divorce and remarriage of the wife, or in the event the wife predeceased the husband, there was then to be maintained insurance in at least the sum of $15,000, with the infant plaintiff as the irrevocable beneficiary.

The agreement was modified by a further writing, dated May 10, 1954, which provided that the amount of insurance to be carried " shall be the sum of $21,406.00 in place and instead of insurance in the sum of $41,406.00 as in said original agreement provided; it was further provided in the modifying agreement that ' the figure of $15,000.00 ' was to be changed ' to $20,000.00 ', representing the minimum amount of insurance to be carried in which Susan shall be designated as irrevocable beneficiary ".

It is plaintiffs' contention that a proper construction of the agreement as modified requires the maintenance of insurance in the sum of $21,406 plus $20,000, and it is the contention of the

defendants that there was a minimum requirement of $20,000 only. As defendants urge, at least a triable issue is raised and the motion as to this cause of action is denied.

A first cause of action on behalf of the plaintiff wife is based on a note of February 10, 1955, and the defendants admit the claimed balance due thereon. A second cause of action on behalf of the plaintiff wife is based on a $7,000 loan, and this claim, too, is admitted. With respect to these two causes asserted on behalf of the plaintiff wife, there are no defenses.

The third cause on behalf of the plaintiff wife is based upon a debt in the sum of $3,300, acknowledged by the modification agreement. The defense of lack of knowledge in this instance is unavailable, since by the agreement the debt was acknowledged. Moreover, the agreement of May 10, 1954, provides further, with respect to the acknowledged debt, that the deceased '' has no defense of any nature or description to the wife's right to collect '', and it further provided that the husband '' agrees to waive any defenses available to him in the event any suit is brought to enforce collection of said sum of $3,300.00.''

The original agreement further provided: '' Nothing in this agreement, however, shall be construed so as to deprive the Wife of her right to seek from the estate of the Husband recovery of any payments or sums which became due under the terms of this agreement prior to the death of the Husband '' and, further, '' No modification or waiver of any of the terms of this agreement shall be valid unless in writing and executed with the same formality as this agreement. No waiver of any breach or default hereunder shall be deemed a waiver of any subsequent breach or default of the same or similar nature.''

By the fourth cause asserted on her behalf, the plaintiff wife seeks the recovery of $12,140, representing what she claims to be arrears of support payments due and owing at the time of the death of the deceased. With respect to this cause, the defendants are entitled to assert the six-year Statute of Limitations, which apparently would affect but $620 of plaintiffs' claim. No issue is raised requiring trial, save as to the amount due, subject, as stated, to the application of the six-year Statute of Limitations. Accordingly, as to this cause, an assessment is in order.

The fifth cause is concerned with loans made by the deceased on the insurance contracts, which thus reduced the amounts which were available for payment to the plaintiff under the separation agreement. It is urged, on behalf of the deceased, that the plaintiff had consented to such loans and thereby waived any right of repayment from the estate of any difference appear-

ing between the amounts payable under the separation agreement and the amounts actually paid on the insurance contracts. Under the separation agreement, the required consents to the loans made on the policies may not be urged as a waiver by the plaintiff of her right to collect the sums as provided by the agreement with respect to the insurance to be maintained by the deceased.

The motion is denied as to the cause of action on behalf of the infant. It is granted as to the first, second and third causes of action, and granted as to the fourth case of action for an assessment.